UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JORGE ENRIQUE ROMERO BARON,

Petitioner,

v. Case No. 3:26-cv-2053-MMH-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY and
U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Jorge Enrique Romero Baron, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 10, 2026.[1] Baron, a citizen of Venezuela, was paroled into the United States on September 25, 2023. Doc. 7-1 at 2. On July 13, 2026, an immigration judge ordered Baron removed to Venezuela; he is pursuing an

---

[1] Baron also filed an Ex Parte Application for Temporary Restraining Order (Doc. 3). On August 11, 2026, the Court granted in part Baron's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through August 25, 2026. See Temporary Restraining Order (Doc. 4). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

appeal of the removal order.[2] Id. at 8–9, 14. On August 3, 2026, United States Immigration and Customs Enforcement detained Baron following a traffic stop. Id. at 12. In Count One of Baron's Petition, he argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. 1 at 6–7. As relief, he seeks, inter alia, immediate release. Id. at 9.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Baron, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Baron was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

[2] Baron does not yet have a final order of removal because an appeal of the order is pending. See 8 U.S.C. § 1101(a)(47)(B)(i) ("The order [of removal] . . . shall become final upon . . . a determination by the Board of Immigration Appeals affirming such order[.]").

Accordingly, it is **ORDERED**:

1. Baron's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[3] Within **seven days** of this Order, Respondents shall either afford Baron an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Baron, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Baron's construed request for a preliminary injunction (Doc. 3) is **DENIED as moot**.

3. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

[3] Because the Court finds that Baron is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

4. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/21
c:
Jorge Enrique Romero Baron, #A244196574
Counsel of Record